UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
HAL DASKAM,                        )
                                   )   No. C11-0131RSL
                  Plaintiff,       )
       v.                          )
                                   )   ORDER GRANTING ALLSTATE'S
ALLSTATE CORPORATION, *et al.*,    )   MOTION FOR SUMMARY
                                   )   JUDGMENT
                  Defendants.      )
_____)

This matter comes before the Court on "Allstate Insurance Company's Motion for Summary Judgment." Dkt. # 45 (redacted, unsealed version is at Dkt. # 41). Defendant argues that plaintiff's claims under the federal and state minimum wage acts fail as a matter of law because plaintiff was an independent contractor rather than an employee. Having considered the memoranda, declarations, and exhibits submitted by the parties, and having heard the arguments of counsel, the Court finds as follows:

The Fair Labor Standards Act ("FLSA") defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "'Employ' includes to suffer or permit to work" (29 U.S.C. § 203(g)), a very broad definition that sweeps within the statute's reach persons and working relationships which, under the common law, had not fallen within the employee-employer category. Rutherford Food Corp. v. McComb, 331 U.S. 722, 728-29 (1947). In order to determine whether plaintiff was employed for purposes of the FLSA (*i.e.*, whether plaintiff was "suffered or permitted to work" by defendant), the Court must ascertain

ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT

the "economic reality" of the situation.  See Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 301 (1985); Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 31-32 (1961).[1]  The Court must consider a number of factors in making this determination, including, but not limited to:

    1) the degree of the alleged employer's right to control the manner in which the work is to be performed;

    2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

    3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;

    4) whether the service rendered requires a special skill;

    5) the degree of permanence of the working relationship; and

    6) whether the service rendered is an integral part of the alleged employer's business.

Real v. Driscoll Strawberry Assoc., Inc., 603 F.2d 748, 754 (9th Cir. 1979).  "Neither the presence nor the absence of any individual factor is determinative.  Whether an employer-employee relationship exists depends 'upon the circumstances of the whole activity.'"  Donovan v. Sureway Cleaners, 656 F.2d 1368, 1370 (9th Cir. 1981) (quoting Rutherford Food, 331 U.S. at 730).  The focal point of the analysis is whether the individual is economically dependent on the business to which he renders service or is, as a matter of fact, rendering service to another in the course of an independent occupation.  Bartels v. Birmingham, 332 U.S. 126, 130 (1947).  See also Simila v. Nw. Improvement Co., 73 Wash. 285, 289 (1913).

---

[1] Determining whether an individual is an employee subject to the Washington Minimum Wage Act ("MWA"), RCW 49.46.005 *et seq*., involves the same "economic realities" test as under the FLSA. Anfinson v. Fedex Ground Package Sys., Inc. 159 Wn. App. 35, 51-52 (2010).  The Ninth Circuit recently stated that "there is no functional difference between" the "economic realities" test and the "common law agency" test.  Murray v. Principal Fin. Group, Inc., 613 F.3d 943, 945 (9th Cir. 2010).

ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT    -2-

Evaluating these factors and ascertaining the true nature of a particular situation must be accomplished on a case-by-case basis. It is not enough for defendant to show that district courts in Colorado and California, reviewing Allstate's relationship with exclusive agents circa 2000, found that the agents were independent contractors. Weisgerber v. Allstate Ins. Co., C99-S-2073, 2001 U.S. Dist. LEXIS 26405 (D. Colo. Mar. 8, 2001); Desimone v. Allstate Ins. Co., C96-3606CW and C99-2074CW, 2000 WL 1811385 (N.D. Cal. Nov. 7, 2000). The circumstances described in those cases may have changed over time, and the Court must evaluate the realities of plaintiff's working situation as it is today.

As is often the case, there are certain aspects of plaintiff's relationship with Allstate that could support a finding that he was an independent contractor and other aspects that make him look like an employee. For example, plaintiff was given an opportunity for profit or loss that depended on his business and managerial choices, including whether to employ assistants in the endeavor and how much to spend on advertising and other aspects of his business. Other exclusive agents operating under the same contract were able to amass large books of business that generated significant profits for the agent. These factors suggest that plaintiff was an independent contractor. On the other hand, the parties' contract either directly or indirectly gave defendant the right to control many aspects of the business (including hours, products, and prices), defendant provided forms, training, start-up costs, and other assistance to plaintiff, the services plaintiff performed were those that he had performed as an employee, the relationship was long term, and plaintiff's tasks – selling insurance products and providing customer service – were absolutely essential to defendant's business.

Although the existence and degree of each element of the economic realities test are issues of fact (see Narayan v. EGL, Inc., 616 F.3d 895, 901 (9th Cir. 2010)), the Court finds that plaintiff's situation is legally indistinguishable from relationships that have already been determined to be independent contractor relationships. The circumstances that favor a finding

ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT        -3-

that plaintiff was an "employee" in this case have all been discussed, analyzed, and found insufficient in Butts v. Comm'r of Internal Revenue, T.C. Memo, 1993-478, 1993 WL 410704 (U.S. Tax Ct. Oct. 18, 1993), Weisgerber, and Desimone.  In Butts, the Allstate agent looked even more like an employee than plaintiff does:  Mr. Butts was contractually described as an employee, he received a number of fringe benefits directly from Allstate (including compensated vacation days and contributions to a retirement plan), and he had no transferrable rights or interests in his book of business.  Nevertheless, the tax court determined that he was an independent contractor.

The Court acknowledges that the steps Allstate takes today to ensure that its agents are producing at an acceptable level (including coaching regarding the style and methods used to sell policies and terminating under-producing agents) have increased since 1993.  At some point, Allstate may go too far toward controlling the "when, where, why, and how" of selling insurance products and again revert to the position of employer.  Based on the record presented, however, the Court finds that Allstate has not yet gone too far.  In addition, the aspects of Allstate's relationship with its agents that suggest independent contractor are even stronger now than they were when Butts was decided.  At its heart, the current relationship involves enough freedom and autonomy that an agent can choose to turn his one-man shop into a multi-agent, multi-office business.  In the alternative he could, as plaintiff did, choose to operate on his own.  Either way, the agent has a transferrable interest in the business, a circumstance unheard of in a normal employee-employer relationship.  Plaintiff's decision to operate his agency as if he were still an employee does not alter the fact that the relationship itself was not so constrained.

ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT            -4-

1   In light of governing case law and taking all disputed facts in plaintiff's favor, the
2 Court finds that plaintiff was an independent contractor. Defendant's motion for summary
3 judgment (Dkt. # 45 (redacted, unsealed version is at Dkt. # 41) is therefore GRANTED.

4

5   Dated this 24th day of September, 2012.

6
7   *MRT S Lasnik*
    Robert S. Lasnik
8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT            -5-